# YATES *v.* YATES.

'APPEAL AND ERROR; MOTION TO DISMISS.

1. Where the appellee moves to dismiss an appeal because of the omission of some of the proceedings below from the transcript of the record on appeal, and it appears from the transcript that the appellant in the court below, in designating the parts of the record below to be incorporated in the transcript, directed that the parts in question be omitted therefrom, and the appellee failed to object to such omission or himself make any designation, it is probable that a suggestion of diminution of the record made in this court would be made too late; but in any event such a suggestion would have to be supported by affidavit accounting for the appellee's failure to demand a complete record. Under such circumstances, therefore, the motion will be denied.

2. The fact that a defective record has been brought up is ordinarily not ground for dismissing an appeal.

No. 2227.   Submitted December 9, 1910.   Decided December 9, 1910.

HEARING on a motion to dismiss an appeal.    *Denied.*

The appellee, Rebecca Yates, moved to dismiss the appeal on the ground that the transcript of record did not contain all of the evidence which was submitted to the court below, and considered by it in passing the decree appealed from,—six depositions for the plaintiff and eight depositions for the defendant having been omitted from the transcript. The motion was supported by affidavit of counsel for the appellee, which was to the effect that he had examined the transcript of the record in the court below, and found that the depositions mentioned had been omitted from the transcript.

D. C.]                    Syllabus.

*Mr. John Ridout* and *Mr. Thomas C. Taylor* for the motion.

*Messrs. Leckie, Fulton, & Cox* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It appearing from the record that there was a designation of the parts of the record below to be included in the transcript, directing the omissions referred to in this motion, and no objection thereto, or further designation by the other side, it is probable that a suggestion of diminution of the record would now be too late.   At any rate, it would require an affidavit accounting for failure to demand a complete record. The fact that a defective record has been brought up is ordinarily no ground for dismissing the appeal.   The motion to dismiss is *denied*.